NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1162

STATE OF LOUISIANA

VERSUS

LAWRENCE DEROUEN, III

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 129390
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, and James T. Genovese, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS DECISION.**

Michael Harson
District Attorney, 15th JDC
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
    State of Louisiana

Lawrence Derouen, III, Pro Se
812 Bayou to Bayou Road
New Iberia, LA 70563

**Genovese, Judge.**

On February 14, 2011, Defendant, Lawrence Derouen, III, was found guilty of the offenses of possession of a firearm on the premises of an alcoholic beverage outlet, a violation of La.R.S. 14:95.5; resisting an officer, a violation of La.R.S. 14:108; and, illegal carrying of a weapon, a violation of La.R.S. 14:95. At Defendant's sentencing hearing, the State dismissed the charge of illegal carrying of a weapon.[1] The trial court sentenced Defendant to six months in the parish jail and a two hundred and fifty dollar fine on each count to run consecutively. The trial court suspended all but thirty days of the sentence and allowed Defendant to serve the thirty days on home incarceration. On March 14, 2011, Defendant filed a notice for appeal from the trial court's ruling, and the trial court granted the motion on March 16, 2011.

Thereafter, on September 20, 2011, this court issued a rule to show cause why the appeal should not be dismissed as the judgment at issue is not appealable. Defendant submitted a response, but he did not address the issue of the non-appealable nature of the judgment.

The judgment at issue is not appealable. *See* La.Code Crim.P. arts. 779 and 912.1. Accordingly, we hereby dismiss Defendant's appeal; however, Defendant may seek supervisory writs from the trial court's ruling. Defendant is not required to file notice of intent to seek writs nor obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4−3. We construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS DECISION.**

---

[1]Apparently, the assistant district attorney made a mistake when he referred to the charge that was being dismissed as illegal carrying of a weapon. From the record, it appears the charge that was dismissed was aggravated assault upon a peace officer with a firearm.